| | |
|---|---|
| 1 | Robert L. Shipley, CA State Bar No. 109420 |
|  | rshipley@shipleylaw.com |
| 2 | Brandon S. Gray, CA State Bar No. 279881 |
| 3 | bgray@shipleylaw.com |
|  | ROBERT L. SHIPLEY, APLC |
| 4 | 2784 Gateway Road, Suite 104 |
|  | Carlsbad, CA 92009 |
| 5 | Telephone: +1 760 438 5199 |
| 6 | |
|  | Attorneys for Defendant |
| 7 | ABC PHONES OF NORTH CAROLINA, INC. |
| 8 | |

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 11 | NIKOLAY POPOV; CRISTIAN SANTOS; ROC GOSSETT; GIOVAN HERNANDEZ; ERNESTO DELREAL; PATRICK SIMBULAN; KEVIN GONZALEZ; JARED BLAZER; MIKALE WASHINGTON; CHRISTIAN GUZMAN; JESUS TAMES; ARMANDO GODOY JR.; DONTAE DOVE; LEONARDO NAVARRO; CHRISTIAN OLANDE; CLARISSA ESCOTO; MISHA RAHMAN; ALFONSO BORJA; ALEXANDER ATKINS; DIEGO SANCHEZ; ALONZO GREY; BRADLEY WILKERSON; HAYDEN ROBERTS; JAMES CORBIN; ALBERTO MEZA; ANGELO ACOCELLA; ANDRES VERA ALVAREZ; MATTHEW LUNG; DANIEL ENRIQUEZ; JOSEPH MELLO; CHASE OLIVER; MAZI ZADEH; TROIX TAYLOR; MORGAN CONNER-CATO; SEBASTIAN CLEMENTI; | Case No. **'22CV327  LL   MDD**<br><br>*[Removed from the San Diego Superior Court, Case No. 37-2020-00026318-CU-OE-CTL]*<br><br>**DEFENDANT ABC PHONES OF NORTH CAROLINA, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 AND 1446**<br><br>**(DIVERSITY JURISDICTION)**<br><br>**[CLASS ACTION]**<br><br>*[Filed concurrently with Defendant's Civil Case Cover Sheet; Exhibits]*<br><br>State Action Filed: July 28, 2020<br>State Action Served: August 19, 2020<br>FAC Filed: 9/14/20 |

1 –
NOTICE OF REMOVAL                    CASE NO. _____

| | | |
|---|---|---|
| 1 | AURELIO CORONA; AARON FERREIRA; DEANDRE JACKSON; MATTHEW CUELLAR; SIMON MANZANO; REYHANEH MANSOORI; JESUS TINOCO; SEAN EVANGELISTI; LUIS VENEGAS; BRIAN LINARES; BRANDON MILLER; BREANNA COON; ALEKSANDR KVETNOY; HAZEM ISMAIL; ABRAHAM CAMBAMBIA; MATTHEW GAMEL; DOMINEKE DOVE; PONAREAY PIN; JUSTIN BRIGHT; SPENCER COLOMY; URIEL GUZMAN; LUIS HERNANDEZ; DAVID AHN; CLINT BADAL; HERBERT ZAPATA; GHAZAL VALADKHANI; JEREMIAH BRODEHL; JOHN TRAPPE; DENNIS GORDON; EDWARD OROPEZA; CHUCKHAVUNH THONGRASMY; ANDREW CASTILLO; CHRISTIAN ROCHA; RANI ARIDI; SEBAR ARAB; JUSTIN BRAXTAN; JOSHUA HA; DOUGLAS BELAN; VALERIE GALLEGOS; YOUSUF MANYA; JOHN BIDWELL; JOSEPH HA; BRANDON MATHISON; SEYED ALI HOSSEINI; BRANDON DILLARD; MARIA GUZMAN; CHRIS; CALEN MARTIN; ROSS TOUSSIENG; TROY BISHOP; KINGSLEY FRANCO; SALENA GARCIA; DARRELL MCQUARTER; and ALFREDO ESQUIVEL, each individually and on behalf of all others similarly situated.<br><br>    Plaintiffs,<br><br>  v. | | SAC Filed: 2/8/2022<br>Trial Date: Not Yet Assigned |

— 2 —

NOTICE OF REMOVAL                    CASE NO. _____

ABC PHONES OF NORTH CAROLINA, INC., a North Carolina Corporation, and DOES 1 through 25, inclusive,

Defendants.

**TO THE CLERK OF THE COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant ABC Phones of North Carolina, Inc. ("ABC Phones" or "Defendant"), hereby removes the above-captioned action from the Superior Court in the State of California, in and for the County of San Diego, to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1332(d) (the Class Action Fairness Act), 1441, 1446 and 1453. Such removal is based upon and supported by the following:

I. <u>**THE STATE COURT ACTION**</u>

1. On or around July 28, 2020, Plaintiffs Nikolay Popov, et al filed an unverified complaint in the Superior Court of the State of California, in and for the County of San Diego, thereby initiating the civil action entitled *Nikolay Popov, Ross Toussieng, Ghazal Valadkhani, Luis Venegas, Chase Oliver, Matthew Lung, Alexander Atkins, Aaron Ferreira, Abraham I. Cambambia, Alberto G. Meza, Alex Kvetnoy, Alfonso Borja, Alfredo Esquivel, Alonzo Grey, Andres Vera Alvarez, Andrew V. Castillo, Angelo Acocella, Armando Godoy Jr., Aurelio Corona, Bradley Wilkerson, Brandon J. Dillard, Brandon Mathison, Brandon Miller, Breanna Coon,*

3 –

NOTICE OF REMOVAL                                       CASE NO. _____

*Brian A Linares, Calen A Martin, Chris Joubert, Christian A Matti, Christian E. Rocha, Christian Guzman, Christian Olande, Chuckhavunh Thongrasmy, Clarissa Escoto, Clint Badal, Cristian Santos, Daniel Enriquez, David Ahn, Deandre Jackson, Dennis Gordon, Diego A Sanchez, Domineke A Dove, Dontae Dove, Douglas Belan, Edward Oropeza, Ernesto Delreal, Giovan R. Hernandez, Hayden E. Roberts, Hazem Ismail, Herbert Zapata, James Corbin, Jared Blazer, Jeremiah A Brodehl, Jesus A Tinoco, Jesus I. Tames, John Bidwell, John D. Trappe, Joseph Ha, Joseph Mello, Joshua Ha, Justin Braxtan, Justin Bright, Kevin Gonzalez, Leonardo Navarro, Luis Hernandez, Maria Guzman, Mariano Diaz, Matthew Cuellar, Matthew Gamel, Mazi Zadeh, Mikale Washington, Misha Rahman, Morgan A Conner-Cato, Patrick Simbulan, Ponareay Pin, Rani Aridi, Reyhaneh Mansoori, Robert Vinson, Roe Gossett, Sean Evangelisti, Sebar Arab, Sebastian Clementi, Seyed Ali Hosseini, Simon Manzano, Spencer R Colomy, Troix Taylor, Troy Bishop, Uriel C. Guzman, Valerie Gallegos, and Yousuf Manya, each individually and on behalf of all others similarly situated, Plaintiffs vs. ABC Phones of North Carolina, Inc. and Does 1 through 25, inclusive, Defendants*, Case No. 37-2020-00026318-CU-OE-CTL, (the "State Court Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit "1"** filed concurrently herewith.

2. The County of San Diego is within the territory of the United States District Court for the Southern District of California.

3.	Plaintiffs' Complaint asserts: (1) Failure to Provide Meal Periods (Labor Code §§ 226.7, 512, and 1198); (2) Failure to Provide Rest Periods (Labor Code §§ 226.7, 1198, and IWC Order No. 7-2001); (3) Failure to Provide Accurate Itemized Wage Statements( Labor Code §§ 226); (4) Failure to Reimburse Work Expenses Labor Code §2802); and (5) Failure to Timely Pay Wages Upon Termination Labor Code §§ 201-203), declaring the case complex. On September 14, 2020, Plaintiffs filed their First Amended Complaint adding a Sixth cause of action for Unfair Business Practices in violation of Cal. Bus. and Prof. §§ 17200, *et seq*. See First Amended Complaint ("FAC.") true and correct copy attached hereto as **Exhibit "6"** filed concurrently herewith. On February 8, 2022, Plaintiffs filed a Second Amended Complaint adding four more causes of action: (1) Violation of California's Wage Requirements for Failure to Pay all Wages Earned; (2) Failure to Pay Overtime; (3) Failure to Maintain record of all hours worked; and (4) Failure to pay all wages when due; and seeks to certify the action as a class action. *See* generally Second Amended Complaint ("SAC.") a true and correct copy attached hereto as **Exhibit "55"** filed concurrently herewith.

4.	**Papers Served to Date**. True and correct copies of all other process, pleadings and orders (*see* U.S.C. § 1446(a) that have been served on or by Defendant in the State Court action to date are attached hereto respectively as **Exhibits "1"** through **Exhibit "57"** and listed in the Exhibit Table of Contents). *Id*. ¶ 4.

5.      The Complaint (**Exhibit "1"**), along with the Civil Cover Sheet (**Exhibit "2"**), Summons (**Exhibit "3"**) and Notice of Case Assignment (**Exhibit "4"**) were personally served on Defendant's Registered Agent on August 19, 2020 (Proof of Service of Summons, **Exhibit "5"**) On November 30, 2021, Defendant filed an Answer to the First Amended Complaint (attached hereto as **Exhibit "10"**). On March 7, 2022, Defendant filed an Answer to the Second Amended Complaint (attached hereto as **Exhibit "57"**).

## II.     REMOVAL IS SUBJECT TO A LIBERAL PLEADING STANDARD

6.      In 2014, the United States Supreme Court held that notices of removal are subject to the same general pleading standards applicable to complaints pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, and that accordingly such notices need not attach evidence or meet a burden of proof, but rather need only contain a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 551-554 (2014) (quoting 28 U.S.C. § 1446(a)). This governing principle also applies to a removing party's allegations as to the amount in controversy. *Id.; Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1196-1197 (9th Cir. 2015); *Garnett v. ADT LLC*, 74 F. Supp. 3d 1332, 1334 (E.D. Cal. 2015). Only if the Court, or another party, contests the allegations of removability must the removing party submit evidence supporting its allegations, whereupon removability is decided under a preponderance of the evidence standard.

*Dart Cherokee Basin Operating Co., LLC*, 135 S.Ct. at 553-554.

## III. THE UNITED STATES DISTRICT COURT HAS JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

7. On February 18, 2005, Congress enacted the Class Action Fairness Act of 2005 ("CAFA"). The CAFA gives United States District Courts original jurisdiction over civil class action lawsuits in which any member of the putative class is a citizen of a state different from any defendant, and in which the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). The CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. While there are a number of exceptions to this rule of original jurisdiction contained in 28 U.S.C. §§ 1332(d)(3)-(5), no such exceptions apply here.

8. There is no "presumption against removal" when a defendant seeks to remove pursuant to the CAFA. *Dart Cherokee Basin Operating Co., LLC*, 135 S.Ct. at 554.

9. This Court has original jurisdiction over this case under the CAFA, in that the case is a civil putative class action wherein the matter in controversy exceeds the sum of $5million, exclusive of interest and costs, and at least one member (if not all) of the class of plaintiffs is a citizen of a state different than that of ABC Phones of North Carolina, Inc. *See* 28 U.S.C. § 1332(d).

10. Plaintiffs' Complaint asserts all of their claims on behalf of a putative

class consisting of "All individuals (a) who are currently or formerly employed by Defendant and performed work in California as sales associates, sales representatives, store managers and similar job positions, job titles, job codes, job classifications, job duties or job descriptions, and (b) who were subject to Defendant's illegal policies and practices as alleged herein during the Class Period."

11. Under 28 U.S.C. § 1453(b), a part of the CAFA, "a class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(b) shall not apply), without regard to whether a defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants." CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a state in which none of the defendants are citizens, when one plaintiff is a citizen of a foreign state and one defendant is a U.S. citizen, or when one plaintiff is a U.S. citizen and one defendant is a citizen of a foreign state. 28 U.S.C. §§ 131332(d)(2), 1332(d)(5)(B), 1453(a).

12. Plaintiffs were, at the times relevant to the allegations of the Second Amended Complaint working at Defendant's retail stores located throughout California. *See* SAC ¶¶ 4-94. It is a reasonable inference based on Plaintiffs' own allegations that most of them, if not all, were residents and citizens of the State of California at the times relevant to the allegations of the Second Amended Complaint

and remain residents and citizens of the State of California at the time of this Notice of Removal.

13. A corporation is deemed to be a citizen of the state in which it is incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The phrase "principal place of business" "refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). This is the corporation's "nerve center." *Id.* at 78. "[I]n practice [this] should normally be the place where the corporation maintains its headquarters. . ." *Id*. The headquarters is the place from which the corporation's business activities are directed, controlled, and coordinated. *Id* Defendant is now, and was at the time this action was commenced, a citizen of the State of North Carolina. During this time, the following has been the case with regard to ABC Phones of North Carolina, Inc.: (a) ABC Phones is a corporation organized under the laws of North Carolina; (b) the Company's principal place of business, headquarters, and center of direction, control, and coordination is also in North Carolina; (c) corporate decisions for the Company are made in North Carolina, including its operational, executive, administrative, and policymaking decisions; (d) the majority of Defendant's executive officers conduct their business in North Carolina; (e) the majority of administrative functions crucial to ABC Phones' day-to-day operations are conducted in North Carolina; (f) the respective officers responsible

NOTICE OF REMOVAL          CASE NO. _____

for developing policies and protocols for Defendant's nationwide operations are in Raleigh, North Carolina. (Harrison Decl. ¶¶ 2-3). Therefore, ABC Phones of North Carolina, Inc. is a citizen of the state of North Carolina. *Hertz Corp.*, 559 U.S. at 78.

14. Based upon the foregoing, minimal diversity is established because at all times most of the Plaintiffs, if not all, have been citizens of California and ABC Phones of North Carolina, Inc. has been a citizen of North Carolina. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a), (b); *Hertz Corp.*, 559 U.S. at 78. There are no named co-defendants in this action. And, in any event, consent of co-defendants is not required for removal under the CAFA. 28 U.S.C. § 1453(b); *United Steel, et al. v. Shell Oil Co.,* 549 F.3d 1204, 1208-1209 (9th Cir. 2008).

15. Because Plaintiffs are citizens of California and Defendant is a citizen of North Carolina, complete diversity of citizenship exists.

16. Section 28 U.S.C. § 1332(d) (a part of the CAFA) authorizes the removal of class action cases in which, among other factors mentioned above, the amount in controversy for all class members exceeds $5 million. Defendant can meet its burden on removal to establish the amount in controversy by an unchallenged, plausible assertion of the amount in controversy in its notice of removal. *See Dart Cherokee Basin Operating Co.*, 135 S.Ct. at 554-555; *Ibarra*, 775 F.3d at 1195. In determining the amount in controversy for CAFA, all potential damages based on the claims in the Complaint, as well as attorneys' fees, are properly included. *Guglielmino v.*

*McKee Foods Corp.,* 506 F.3d 696, 700 (9th Cir. 2007). It is important to note that the amount in controversy addresses damages that Plaintiffs might expect to recover if all their legal theories and supporting evidence were true. Obviously, Defendant disputes Plaintiffs' legal theories and supporting evidence.

17. The "Amount in Controversy" requirement is met here based on the following:

    **(a)**    *Meal and Rest Break Violations and Unpaid Wages*

Plaintiffs' Second and Third Causes of Action allege that Defendant failed to provide lawful meal and rest breaks or premium payments. SAC ¶¶ 158-183. Their First cause of action alleged unpaid wages for working through meal breaks. Plaintiffs alleged in their SAC that they, and putative class members, resorted to falsely clocking out for meal breaks but continuing to work to avoid discipline for not taking timely meal breaks. *See* SAC ¶ 114-118. They also claim that they were required to work through rest breaks. *See* SAC ¶ 114-118. Plaintiffs surmise that Defendant owes premium payments for failing to provide lawful meal breaks as well as unpaid wages for the time they worked off the clock. *See* SAC ¶ 114-118. In their verified responses to Special Interrogatories, the representative Plaintiffs uniformly claimed that they falsely clocked out and worked through meal breaks "3-4 days out of each workweek." (*See* **Exhibits "58" & "59"** attached to Gray Decl.). It is reasonable to assume that the uniform claims by the representative Plaintiffs will be claimed for putative class members as well. There are more than two thousand (2000) class members

who collectively worked more than one hundred thousand (100,000) workweeks. (Harrison Decl. ¶¶ 4-5). Thus, assuming a conservative hourly rate of only $11/hr. (2018 minimum wage), Plaintiffs seek approximately $3.3 Million[1] for meal period premiums alone. This figure does not account for unpaid wages associated with clocking out and continuing to work.[2]

Plaintiffs also claim that they worked through rest breaks for the same reasons as meal breaks. *See* SAC ¶ 114-118. If Plaintiffs' claims regarding rest break violations mirror their meal break claims (3-4 times per week), then the figure calculated above will be doubled to $6.6 Million.

### (b)   Unpaid Overtime Wages

Plaintiffs' Fourth Cause of Action alleges that Defendant failed to pay class members for all overtime wages earned. SAC ¶¶ 184-194. Plaintiffs' unpaid wages claim is subject to a four-year limitation period. *Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal. 4th 1094, 1105-1114 (2007). The class data reveals that Defendant employed more than 2000 employees in California, who worked more than 100,000 workweeks since February 8, 2018. Based on those figures and assuming that each employee worked at minimum wage

---

[1] This figure was calculated as follows: 100,000 workweeks multiplied by three violations per week is 300,000 violations. At $11/hour, which is a conservative hourly rate, 300,000 violations would result in premium payments that equal $3.3 Million.

[2] If Plaintiffs worked punched out for thirty minutes for meal breaks 3 times per week but continued to work, then at 300,000 occurrences they would be seeking an additional $1.65 Million.

NOTICE OF REMOVAL                              CASE NO. _____

(for 2018) an extra thirty minutes of overtime three (3) days per week, the amount of damages put at issue on Plaintiffs' unpaid overtime is an additional $825,000 [100,000 workweeks x 3 occurrences per week x 1.5 hrs. x (11/hr. ÷ 2)].

### (c) Derivative Penalties

In addition to the above, Plaintiffs seek derivative penalties, including penalties for inaccurate wage statements, waiting time penalties, and failure to maintain records. Defendant has already established that the minimum amount in controversy is met, but reserves the right, if challenged, to submit evidence related to Plaintiffs' claims for derivative penalties.

### (d) Attorneys' Fees

Defendant's amount in controversy figure above also does not account for potential attorneys' fees.

It is well-settled that in determining whether a complaint meets the amount in controversy requirement, the Court should consider attorneys' fees. *See Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 200-202 (1933) (attorneys' fees may be taken into account to determine jurisdictional amount where statute authorizes prevailing party attorney fees); *see also* Cal. Lab. Code §§ 218.5, 226(e)(1) (providing for attorney fees for a prevailing plaintiff on claims for wages in improper wage statements). What is more, including an additional 25% for attorneys' fees is warranted in class actions. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). For purposes of considering fees for the amount

in controversy, the attorneys' fees are not limited to only those incurred prior to removal but also what plaintiff may recover after removal. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018). Plaintiffs' theoretical attorneys' fees on their claims alone would amount to an additional $2.05 Million. Thus, a conservative total amount in controversy, without including Plaintiffs' derivative penalty claims is $10.2 Million.

18. By removing this matter, Defendant does not waive and, to the contrary, reserves, any rights it may have including, without limitation, all available arguments and defenses, including the right to move to compel Plaintiffs' claims to arbitration. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

## IV. <u>NOTICE, SERVICE, AND OTHER REQUIREMENTS ARE MET</u>

19. The Complaint also names Defendants Does 1 through 25, inclusive ("Doe Defendants"). Unnamed defendants sued as Does are not required to join in a removal notice, and their citizenship is disregarded for purposes of removal. *See* 28 U.S.C. § 1441(b)(1); *Fristos v. Reynolds Metal Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980). Accordingly, the citizenship of the alleged Doe Defendants does not impact the diversity analysis for removal.

20. As required by 28 U.S.C. § 1446(b), this Notice was filed within 30 days after Defendant was first served with a copy of Plaintiffs' Second Amended

– 14 –
NOTICE OF REMOVAL                    CASE NO. _____

Complaint.

21. In accordance with 28 U.S.C. § 1446(d), Defendant will promptly provide notice of this removal to Plaintiffs through their attorneys of record, and Defendant will promptly file a copy of this Notice of Removal with the Superior Court of the State of California, in and for the County of Santa Diego.

## V.   INTRADISTRICT ASSIGNMENT

22. Assignment to the San Diego Division is proper because the State Action filed by Plaintiffs is pending in San Diego County Superior Court. 28 U.S.C. §§ 1441(a), 1446(a); Local Rule -40.1.

23. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the basis for this removal and to produce supporting evidence.

Respectfully Submitted:

ROBERT L. SHIPLEY, APLC

Dated: March 10, 2022

By: /s/*Robert L. Shipley*_____
Robert L. Shipley
rshipley@shipleylaw.com
Brandon S. Gray
bgray@shipleylaw.com
Attorneys for Defendant
ABC PHONES OF NORTH CAROLINA, INC.

– 15 –
NOTICE OF REMOVAL                    CASE NO. _____

# CERTIFICATE OF SERVICE

I, Robert L. Shipley, an attorney admitted to practice before this Court, do hereby certify that on March 10, 2022, I caused a copy of the foregoing **DEFENDANT ABC Phones Of North Carolina, Inc.'s Notice of Removal** to be served through the Court's Case Management/Electronic Case Files (CM/ECF) system upon all persons and entities registered and authorized to receive such service.

Respectfully Submitted:

ROBERT L. SHIPLEY, APLC

Dated: March 10, 2022

By: ___/s/*Robert L. Shipley*_____
Robert L. Shipley
Brandon S. Gray
Attorneys for Defendant
ABC PHONES OF NORTH CAROLINA, INC.
Emails rshipley@shipleylaw.com
bgray@shipleylaw.com

16 –
NOTICE OF REMOVAL                CASE NO. _____